**THE BROWN LAW FIRM**
Timothy W. Brown, Esq. (TB 1008)
 Email: timbrown108@gmail.com
127A Cove Road
Oyster Bay Cove, New York 11771
Telephone: (516) 922-5427

 



*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SREERAM ARSHANAPALLY, DERIVATIVELY AND ON BEHALF OF LIHUA INTERNATIONAL, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

SREERAM ARSHANAPALLY, DERIVATIVELY
AND ON BEHALF OF LIHUA
INTERNATIONAL, INC.,

      Plaintiff,

      vs.

JIANHUA ZHU, DAPHNE YAN HUANG,
YAYING WANG, SIU KI "KELVIN" LAU, AND
JONATHAN P. SERBIN,

      Defendants,

      And

LIHUA INTERNATIONAL, INC.,

      Nominal Defendant.

**CIVIL ACTION NO.**

**VERIFIED SHAREHOLDER**
**DERIVATIVE COMPLAINT FOR:**

(1) BREACH OF FIDUCIARY DUTY;
 (2) CORPORATE WASTE;
(3) GROSS MISMANAGEMENT; AND
(4) UNJUST ENRICHMENT

**<u>JURY TRIAL DEMANDED</u>**

## VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT

Plaintiff Sreeram Arshanapally, derivatively and on behalf of Nominal Defendant

Lihua International, Inc. ("Lihua" or the "Company"), files this Verified Shareholder Derivative

Complaint against Individual Defendants Jianhua Zhu, Daphne Yan Huang, Yaying Wang, Siu

Ki "Kelvin" Lau, and Jonathan P. Serbin, (collectively, the "Individual Defendants") for breaches

1

of their fiduciary duties as directors and/or officers of Lihua, gross mismanagement, abuse of control, and unjust enrichment.  In support thereof, Plaintiff alleges as follows:

## I. Nature Of The Case

1.      This is a shareholder derivative action which seeks to remedy wrongdoing committed by Lihua's directors and officers between August 9, 2012 and April 30, 2014, both dates inclusive (the "Relevant Period").

2.      During this time, the Individual Defendants breached their fiduciary duties as officers and directors of Lihua by causing the Company to issue false or misleading statements that misreported the Company's revenues, income, accounts receivable, inventory, and total liabilities.

3.      Additionally, during the Relevant Period, the Individual Defendants, in breach of their fiduciary duties to the Company, made, approved, acquiesced, and/or turned a blind eye to an attempted self-dealing and wasteful related party transaction between Founder, Chairman, CEO, President, and controlling shareholder Jianhua Zhu, on the one hand, and the Company, on the other hand (the "Related Party Transfer of Assets to Defendant Zhu").

4.      To the extent the Related Party Transfer of Assets to Defendant Zhu was effected, the Individual Defendants breached their fiduciary duties to the Company by failing to disclose it.

5.      The Individual Defendants also breached their fiduciary duties by falsely representing that Lihua maintained adequate internal controls when, in fact, the Individual Defendants knew that such controls were materially deficient, and by knowingly causing the Company to fail to maintain adequate internal controls.  The lack of adequate internal controls has caused the Company to misrepresent its record results and growth through false or

misleading reporting of revenues, income, accounts receivable, inventory, and total liabilities, and to facilitate the Company's endeavor to engage in the Related Party Transfer of Assets to Defendant Zhu, thereby violating Generally Acceptable Accounting Principles ("GAAP") and the Company's own internal accounting standards.  These violations have subjected the Company to two federal securities fraud class action lawsuits, and will cost the Company millions of dollars.

6.      Nominal Defendant Lihua is a Delaware Corporation with its principal place of business located in the People's Republic of China (the "PRC") that purports to manufacture, market, and distribute refined copper products to customers in the PRC through its wholly-owned PRC subsidiaries Danyang Lihua Electron Co., Ltd., ("Lihua Electron") and Jiangsu Lihua Copper Industry Co., Ltd. ("Lihua Copper").  During the Relevant Period, the Company's stock was listed and traded on the NASDAQ Exchange under the ticker "LIWA."  Trading was halted by NASDAQ on April 30, 2014.

7.      During the Relevant Period, the Individual Defendants knowingly or recklessly disregarded the Company's lack of accounting systems and internal controls when issuing the financial statements and in assuring the market that the financial statements were accurate.  The Individual Defendants knowingly or recklessly permitted non-existent revenues, income, accounts receivable, inventories, and total liabilities to be recorded in the Company's financial statements.

8.      In addition, the Individual Defendants knowingly or recklessly misrepresented that the Company's financial statements could be relied upon.  The Individual Defendants also knowingly or recklessly failed to disclose to the investing public the truth about the Company's lack of adequate internal controls.

9.     As a result of Lihua's lack of internal controls and the Individual Defendants' unwillingness to disclose the failure of the Company's plan to boost profitability, the Company misrepresented revenues, income, accounts receivable, inventories, and total liabilities. The Individual Defendants caused the Company to create an illusion of profitability by reporting revenues, income, and accounts receivable that were never earned, and by understating total liabilities and overstating inventories. This permitted the Company to misrepresent its results and growth.

10.     The Individual Defendants, as past and present officers and directors of the Company, have knowingly or recklessly breached their fiduciary duties of good faith, fair dealing, and candor, and failed to control and manage Lihua in a fair, just, honest, and equitable manner to the best of their abilities.

11.     The Board allowed two of the Company's top officers to resign, instead of pursing any action against them.

12.     In light of their conduct, which has subjected the Company to being named as a defendant in federal securities fraud class action lawsuits, a majority of the Board cannot consider a demand to commence litigation against themselves on behalf of the Company with the requisite level of disinterestedness and independence.

13.     The Company has been substantially damaged as a result of the Individual Defendants' knowing or reckless breaches of fiduciary duty and other misconduct.

## II. Jurisdiction

14.     Jurisdiction is conferred by 28 U.S.C. § 1332. Plaintiff and the Individual Defendants are citizens of different states and the amount in controversy exceeds the sum or

4

value of $75,000, exclusive of interest and costs.

15.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1401 because a substantial portion of the transactions and wrongs complained of herein—including the Individual Defendants' preparation and/or dissemination of false or misleading information—occurred in this district, and the Individual Defendants have received substantial compensation in this district by engaging in numerous activities that had an effect in this district.

16.     Each Individual Defendant has minimum contacts with New York, as each Individual Defendant resides in New York and/or has authorized acts and actions that have had a sufficient impact in New York or on Lihua's shareholders and investors residing here to justify the exercise of jurisdiction over them.

### III. The Parties

17.     Plaintiff Sreeram Arshanapally is a current shareholder of Lihua.  Plaintiffs has been a shareholder of Lihua since October 2010, and has continuously held his Lihua stock at all relevant times.  Plaintiff  is a citizen of Pennsylvania.

18.     Nominal Defendant Lihua is a Delaware Corporation with its principal place of business located in the PRC that purports to manufacture, market, and distribute refined copper products to customers in the PRC through its wholly-owned PRC subsidiaries Danyang Lihua Electron Co., Ltd., ("Lihua Electron") and Jiangsu Lihua Copper Industry Co., Ltd. ("Lihua Copper").  During the Relevant Period, the Company's stock was listed and traded on the NASDAQ Exchange under the ticker "LIWA."  Trading was halted by NASDAQ on April 30, 2014.

19.     Defendant Jianhua Zhu ("Zhu") is Lihua's founder and has been its Chairman,

5

Chief Executive Officer, and President at all relevant times. Zhu is Lihua's director since October 2008. Zhu is also a controlling shareholder of Lihua through his being the sole director of, and having the right to buy for a total of $3,000 all of the stock of, Magnify Wealth Enterprises Limited, which owns over 44% of Lihua's common stock. Zhu is the husband of Defendant Yaying Wang. Zhu is a citizen of the PRC. Zhu submitted to the Company a letter dated May 4, 2014 stating that he resigned from all positions at Lihua due to personal reasons.

20.    Defendant Yaying Wang ("Wang") has been Lihuas' Chief Operating Officer, secretary, and director since October 2008. Wang is also a controlling shareholder of Lihua through her being the beneficial owner of all shares of Magnify Wealth Enterprises Limited common stock beneficially owned by Mr. Zhu, Wang's husband, as a result of the vesting of 100% of Mr. Zhu's option shares. Wang is a citizen of the PRC. Wang submitted to the Company a letter dated May 4, 2014 stating that she resigned from all positions at Lihua due to personal reasons.

21.    Defendant Daphne Yan Huang ("Huang") has been Lihua's Chief Financial Officer and Treasurer of Lihua since October 2011. She has been the Executive Vice President of Finance and Director of Investor Relations since October 2009. Upon information and belief, Huang is a citizen of New York.

22.    Defendant Jonathan P. Serbin ("Serbin") has been a Director of the Company since April 2009. Serbin has been a member of the Audit Committee at all relevant times. Serbin is an investment banker at MESA, which is headquartered in New York. Upon information and belief, Serbin is a citizen of New York.

23.    Defendant Siu Ki "Kelvin" Lau ("Lau") has been a Director of the Company since

6

October 2009.  Lau has been a member of the Audit Committee at all relevant times.  Lau works

in the Equity Capital Markets and Corporate Finance department of Mizuho Securities Asia

Limited in Hong Kong.  Upon information and belief, Lau is a citizen of Hong Kong.

24.     Defendants Zhu, Huang, Wang, Serbin, and Lau are collectively referred to as the

"Individual Defendants."

### IV. Fiduciary Duties of the Individual Defendants

25.     By reason of their positions as officers, directors, and fiduciaries of Lihua and

because of their ability to control the business and corporate affairs of the Company, the

Individual Defendants owed Lihua and its shareholders fiduciary obligations of trust, loyalty,

good faith, and due care, and were required to use their utmost ability to control and manage

Lihua in a fair, just, honest, and equitable manner.  The Individual Defendants were required to

act in furtherance of the best interests of the Company and its shareholders so as to benefit all

shareholders equally and not in furtherance of their personal interest or benefit.

26.     Each director and officer of the Company owed and owes to Lihua and its

shareholders the fiduciary duty to exercise good faith and diligence in the administration of the

affairs of the Company and in the use and preservation of its property and assets, and the highest

obligations of fair dealing.

27.     The Individual Defendants, because of their positions of control and authority as

directors and officers of Lihua, were able to and did, directly and/or indirectly, exercise control

over the wrongful acts complained herein.

28.     To discharge their duties, the Individual Defendants, as officers and directors of

Lihua, were required to exercise reasonable and prudent supervision over the management,

policies, practices, and controls of the affairs of the Company.

29.     Each Individual Defendant, by virtue of his or her position as a director or officer, owed to the Company and to its shareholders the highest fiduciary duties of loyalty, good faith, and the exercise of due care and diligence in the management and administration of the affairs of the Company, as well as in the use and preservation of its property and assets.   The conduct of the Individual Defendants complained of herein involves a knowing and culpable violation of their obligations as directors and officers of Lihua, the absence of good faith on their part, or a reckless disregard for their duties to the Company and its shareholders that the Individual Defendants were aware or should have been aware posed a risk of serious injury to the Company. The conduct of the Individual Defendants who were also officers and directors of the Company has been ratified by the remaining Individual Defendants who collectively comprised the Lihua's Board at all relevant times.

30.     As senior executive officers and directors of a publicly-traded company whose common stock was registered with the SEC pursuant to the Exchange Act and traded on NASDAQ, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and performance, growth, operations, financial statements, business, products, management, earnings, and present and future business prospects; and to correct any previously issued statements that had become materially misleading or untrue, so that the market price of the Company's common stock would be based upon truthful and accurate information.  The Individual Defendants' misrepresentations and omissions during the Relevant Period violated these specific requirements and obligations.  Accordingly, the Individual Defendants breached their fiduciary duties by causing or recklessly permitting

8

violations of the federal securities laws.

31.    At all times relevant hereto, the Individual Defendants were the agents of each other and were at all times acting within the course and scope of such agency.

## V. Reasonable and Prudent Supervision

32.    To discharge their duties, the officers and directors of Lihua were required to exercise reasonable and prudent supervision over the management, policies, practices, and internal controls of the Company.  By virtue of such duties, the officers and directors of Lihua were required to, among other things:

(a)    refrain from acting upon material inside corporate information to benefit themselves;

(b)    ensure that the Company complied with its legal obligations and requirements, including acting only within the scope of its legal authority and disseminating truthful and accurate statements to the investing public;

(c)    conduct the affairs of the Company in an efficient, business-like manner so as to make it possible to provide the highest quality performance of its business, to avoid wasting the Company's assets, and to maximize the value of the Company's stock;

(d)    properly and accurately guide investors and analysts as to the true financial condition of the Company at any given time, including making accurate statements about the Company's financial results;

(e)    remain informed as to how Lihua conducted its operations, and, upon receipt of notice or information of imprudent or unsound conditions or practices, make reasonable inquiry in connection therewith, and take steps to correct such conditions or practices and make such

disclosures as necessary to comply with securities laws; and

(f)      ensure that Lihua was operated in a diligent, honest, and prudent manner in compliance with all applicable laws, rules, and regulations.

33.      Each of the Individual Defendants further owed to Lihua and the shareholders the duty of loyalty requiring that each favor Lihua's interest and that of its shareholders over their own while conducting the affairs of the Company and refrain from using their position, influence or knowledge of the affairs of the Company to gain personal advantage, which requires, *inter alia*, scrutiny of interested party transactions and rejection of such transactions which are unfair to the Company or evince corporate waste. The duty of loyalty further requires a duty of candor requiring full and candid disclosure of all facts relevant to any potential conflict of interest and said interested party transaction.

## VI. Breach of Fiduciary Duties

34.      Each Individual Defendant, by virtue of his or her position as a director and/or officer, owed to Lihua and to its shareholders the fiduciary duty of loyalty and good faith and the exercise of due care and diligence in the management and administration of the affairs of Lihua, as well as in the use and preservation of its property and assets.  The conduct of the Individual Defendants complained of herein involves a knowing and culpable violation of their obligations as directors and officers of Lihua, the absence of good faith on their part, or a reckless disregard for their duties to Lihua and its shareholders that the Individual Defendants were aware or should have been aware posed a risk of serious injury to Lihua.

35.      The Individual Defendants each breached their duty of loyalty and good faith by allowing Defendants to cause, or by themselves causing, the Company to make false and/or