UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Lihua International, Inc. Shareholder Derivative Action | Case No. 1:14-cv-03543-RA-RLE |
|---|---|

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a shareholder derivative action is pending before the Court under the caption *In re Lihua International, Inc. Shareholder Derivative Action*, No. 1:14-cv-03543-RA-RLE;

WHEREAS, Plaintiffs have made an application for an order: (i) preliminarily approving the proposed Settlement of the Action in accordance with the Stipulation of Settlement, which, together with the Exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the Action with prejudice (the "Settlement"); (ii) approving the form and content of the Notice of Pendency and Proposed Settlement of Shareholder Derivative Action ("Notice"); (iii) approving the form and content of the Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Action ("Summary Notice"); and (iv) setting a date for the Settlement Hearing before the Court to determine whether the proposed Settlement should be finally approved;

WHEREAS, all capitalized terms contained herein shall have the same meaning as set forth in the Stipulation of Settlement dated March 22, 2017 ("Stipulation") unless otherwise defined herein;

WHEREAS, the Court having considered: (i) the Plaintiffs' Unopposed Motion for Preliminary Approval of Proposed Derivative Settlement together with the accompanying Memorandum of Law; (ii) the Stipulation, as well as the Exhibits attached thereto; and (iii) the arguments by counsel for the Settling Parties in favor of preliminary approval of the Settlement; and

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Lihua's

shareholders and appears to be the product of good-faith, informed, and non-collusive negotiations between experienced and able counsel for the Settling Parties.

NOW, THEREFORE, UPON GOOD CAUSE SHOWN, IT IS HEREBY ORDERED as follows:

1. The Court does hereby preliminarily approve the Settlement as set forth in the Stipulation, subject to further consideration at the Settlement Hearing described below.

2. Pending the Court's determination as to final approval of the Settlement, Plaintiffs, Lihua, and all Current Lihua Shareholders are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claim.

3. Plaintiffs' Counsel and Counsel for the Individual Settling Defendants are authorized to take any action required by the Stipulation or such other acts that are reasonably necessary to consummate the proposed Settlement set forth in the Stipulation.

4. The Settlement Hearing shall be held before this Court, on October 5, 2017, at 10:00 a.m., in the Southern District of New York, located at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York, 10007, to determine: (i) whether the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to Current Lihua Shareholders and to Lihua and should be approved by the Court; (ii) whether the [Proposed] Final Judgment and Order of Dismissal, substantially in the form set forth in Exhibit D to the Stipulation, dismissing the Action with prejudice, releasing the Released Claims as to the Released Persons, and enjoining the prosecution of any and all Released Claims as against the Released Persons, with each party to bear its, his, or her own costs except as otherwise provided, should be approved by the Court; (iii) whether the Court should approve the agreed-to Fee and Expense Amount; (iv) whether the Service Awards should be approved; and (v) such other matters as the Court may deem appropriate.

5. The Court approves, as to form and content, the Notice and the Summary Notice and finds that the provisions of the Notice and Summary Notice, substantially in the manner and

form set forth in Exhibits B and C, respectively, to the Stipulation, meet the requirements of Rule 23.1(c) of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto. Non-material changes to the form of the Notice and Summary Notice may be made upon agreement by the Settling Parties and without further approval of the Court.

6. Not later than ten calendar days after the entry of the Preliminary Approval Order, Lihua shall issue a press release announcing the Settlement, including instructions to Current Lihua Shareholders on how to access the Notice and Stipulation, and referring Current Lihua Shareholders to the respective websites of Faruqi & Faruqi, LLP and The Brown Law Firm, P.C. for more information.

7. Not later than ten calendar days after the entry of the Preliminary Approval Order, Faruqi & Faruqi, LLP and The Brown Law Firm, P.C. shall post copies of the Notice and Stipulation on their respective websites.

8. Not later than ten calendar days after the entry of the Preliminary Approval Order, Lihua and the Individual Settling Defendants shall cause the Summary Notice to be published once in the *Investor's Business Daily*.

9. Not later than seven calendar days prior to the Settlement Hearing, Lihua's and Individual Settling Defendants' counsel shall serve on Plaintiffs' Counsel and file with the Court an appropriate affidavit or declaration with respect to posting and publishing the Notice and Summary Notice, and counsel for the lead plaintiff in the Securities Class Action shall serve on Plaintiffs' Counsel and counsel for Lihua and the Individual Settling Defendants an appropriate affidavit or declaration with respect to their mailing and publication of the required notice in the Securities Class Action.

10. Individual Settling Defendants shall pay for the reasonable and necessary costs of publishing the Summary Notice and any reasonable and necessary costs of additional notice that the Court may require, and those costs shall be deducted from the Settlement Payment.

11. All papers in support of the final approval of the Settlement, any application for attorneys' fees and expenses, and any application for any service awards to Plaintiffs shall be filed with the Court and served at least twenty-one calendar days before the date of the Settlement Hearing.

12. All papers in response to any Current Lihua Shareholder objections and/or in further support of the Settlement shall be filed with the Court and served at least seven calendar days before the date of the Settlement Hearing.

13. Any Current Lihua Shareholder who wishes to object to the Settlement may appear and show cause, if he, she, or it has any reasons why the Settlement should not be finally approved as fair, reasonable, and adequate, or why the Judgment should not be entered thereon, or why the Fee and Expense Amount and Service Awards should not be finally approved; provided, however, that no Current Lihua Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement or, if approved, the Judgment to be entered thereon approving the same or the Fee and Expense Amount and Service Awards, unless that Current Lihua Shareholder has filed with the Clerk of the Court and delivered by hand or sent by first class mail to Plaintiffs' Counsel and Individual Settling Defendants' Counsel, a written objection to the Settlement setting forth: (a) such Person's or entity's name, legal address, and telephone number, along with a representation as to whether such Person or entity intends to appear to be heard at the Settlement Hearing; (b) a statement of the reason(s) for the objection; (c) proof of ownership of Lihua common stock as of March 22, 2017, the date of execution of the Stipulation, as well as through the date of the Settlement Hearing, including the number of shares of Lihua common stock owned and the date of purchase; (d) any documentation or evidence in support of such objection; (e) if the Current Lihua Shareholder has indicated that he, she, or it intends to appear and requests to be heard at the Settlement Hearing, the identities of any witnesses the shareholder intends to call at the Settlement Hearing and a statement as to the subjects of their testimony; and (f) the identities of any cases, by name, court, and docket number, in which the Current Lihua Shareholder or their attorney has objected to a settlement in the last three years. Any such objections must be filed with the Court

and received by the following counsel at the addresses below no later than *fourteen calendar days prior to the Settlement Hearing*:

    The Court:

    Clerk of the Court
    United States District Court, Southern District of New York
    Daniel Patrick Moynihan United States Courthouse
    500 Pearl Street
    New York, New York 10007-1312

    Plaintiffs' Counsel:

    FARUQI & FARUQI, LLP
    Stuart J. Guber, Esq.
    101 Greenwood Avenue, Suite 600
    Jenkintown, PA 19046

    THE BROWN LAW FIRM, P.C.
    Timothy W. Brown, Esq.
    240 Townsend Square
    Oyster Bay, NY 11171

    Counsel for Individual Settling Defendants:

    LANE POWELL PC
    Douglas W. Greene, Esq.
    1420 Fifth Avenue, Suite 4200
    P.O. Box 91302
    Seattle, WA 98111-9402

    14.    Any Current Lihua Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, the Fee and Expense Amount or Service Awards as incorporated in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

    15.    Lihua and all Current Lihua Shareholders (and each of their successors, predecessors, and assigns) shall be bound by all orders, determinations, and judgments in the Shareholder Derivative Action concerning the Settlement.

16.     If the Settlement does not become Final for any reason, the Settlement and the settlement documents shall be null and void and of no force and effect. In such event, the Settling Parties shall return to their respective litigation positions in the Shareholder Derivative Action as of the time immediately prior to the date of the execution of the Stipulation, as though it were never executed or agreed to, and the Stipulation shall not be deemed to prejudice in any way the positions of the Settling Parties with respect to the Shareholder Derivative Action, or to constitute an admission of fact by any Settling Party, shall not entitle any Settling Party to recover any costs or expenses incurred in connection with the implementation of the Stipulation or the Settlement, and neither the existence of the Stipulation nor its contents shall be admissible in evidence or be referred to for any purposes in the Shareholder Derivative Action, or in any litigation or judicial proceeding, other than to enforce the terms therein.

17.     All proceedings in the Shareholder Derivative Action, except for those proceedings related to the Settlement, shall be stayed until the resolution of all Settlement-related proceedings.

18.     The Court may adjourn the Settlement Hearing or modify any other dates set forth herein without further notice to Current Lihua Shareholders, and retains jurisdiction to consider all further applications arising out of or connected to the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Current Lihua Shareholders.

\* \* \*

IT IS SO ORDERED.

DATED: July 21, 2017

_____
THE HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE