UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Lihua International, Inc. Shareholder Derivative Action | Case No. 1:14-cv-03543-RA-RLE |

### [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL

This matter came before the Court for hearing, pursuant to the Order Preliminarily Approving Settlement and Providing for Notice of this Court dated July 21, 2017 ("Preliminary Approval Order"), on the application of Plaintiffs Sreeram Arshanapally and Eric Morrison ("Plaintiffs") for approval of the Settlement set forth in the Stipulation of Settlement dated March 22, 2017, and the Exhibits thereto (the "Stipulation"). Due and adequate notice having been given to the shareholders of Lihua International, Inc. ("Lihua") as required in the Preliminary Approval Order, and the Court, having considered all arguments made and papers filed and proceedings had herein, and otherwise being fully informed and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this Final Judgment and Order of Dismissal (the "Judgment") the Court incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise defined herein.

2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all parties to the Action.

3. The Court finds that the Settlement is in all respects fair, just, reasonable, and adequate to, and in the best interests of Lihua, Lihua's shareholders, and Plaintiffs, and hereby approves the Settlement set forth in the Stipulation.

4. The Action[1] is hereby dismissed as to all Individual Settling Defendants with prejudice. The Settling Parties are to bear their own costs, except as set forth in the Stipulation and paragraph 6 herein.

---

[1] As defined in the Stipulation, the terms "Shareholder Derivative Action" and "Action" includes *Arshanapally v. Zhu, et al.*, Case No. 14-cv-03543-RA-RLE (S.D.N.Y. filed May 16, 2014), and *Peck v. Lihua International, Inc., et al.*,

5. The methods of dissemination and publication of the Notice of Pendency and Proposed Settlement of Shareholder Derivative Action ("Notice") and Summary Notice of Pendency and Proposed Settlement of Shareholder Derivative Action ("Summary Notice") as provided in the Stipulation constituted the best notice practicable under the circumstances to Lihua's shareholders and fully satisfied the requirements of Rule 23.1(c) of the Federal Rules of Civil Procedure, due process under the United States Constitution, and any other applicable law, and constituted due and adequate notice to all persons entitled thereto.

6. The Court approves the agreed-upon Fee and Expense Amount of $ 480,000 to Plaintiffs' Counsel, finding such Fee and Expense Amount is fair and reasonable.

7. The Court finds that the two (2) named Plaintiffs shall be awarded $ 2,000 each for their participation and efforts in the Action. Such payments shall be deducted from the agreed-upon Fee and Expense Amount set forth in paragraph 6. The Court finds that the Service Awards are fair and reasonable, in accordance with the Stipulation.

8. Upon the Effective Date, Plaintiffs, Lihua, and Current Lihua Shareholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Released Claims; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

9. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims against Plaintiffs and Plaintiffs' Counsel; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

---

Case No. 14-cv-06540-RA (S.D.N.Y. filed Aug. 15, 2014), which actions were consolidated by the Court into *In re Lihua Shareholder Derivative Action,* Case No. 14-cv-03543-RA-RLE (S.D.N.Y. filed May 16, 2014).

2

10. The Court permanently bars and enjoins Plaintiffs, Lihua, and Current Lihua Shareholders from commencing, prosecuting, instigating or in any way participating in the commencement, prosecution, or instigation of any action asserting any Released Claims, either directly, representatively, derivatively, or in any other capacity.

11. The Released Persons and any of them may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over the Action and the Settling Parties for: (i) implementation of the Settlement; and (ii) all other proceedings related to the implementation and enforcement of the terms of the Stipulation and/or the Settlement.

13. If any of the conditions listed in paragraph IV.F.1 of the Stipulation are not met, the Stipulation and any Settlement documentation shall be null and void and of no force and effect. In the event that any of the conditions listed in paragraph IV.F.1 are not met, the Settling Parties shall be restored to their positions on the date immediately prior to the execution date of the Stipulation, the Stipulation shall not be deemed to constitute an admission of fact by any Settling Party, and neither the existence of the Stipulation, nor its contents shall be admissible in evidence or be referred to for any purposes in the Action or in any litigation or judicial proceeding. Further, all releases delivered in connection with the Stipulation shall be null and void.

14. In the event that this Judgment is rendered or declared invalid by a court of competent jurisdiction, such invalidation of such part or portion of the Stipulation should not invalidate the remaining portions thereof, and they shall remain in full force and effect.

15. Neither the Stipulation, nor the Settlement contained therein, nor any of the negotiations or proceedings connected with it, shall be deemed, used or construed as an admission or concession by any of the Individual Settling Defendants in the Action or by any of the Released

Persons, or as evidence of the merits of any of the allegations in the Action, or of any liability, fault or wrongdoing of any kind. Neither the Stipulation, nor the Settlement, nor any act performed or document executed pursuant to, or in furtherance of the Stipulation or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Stipulation and except that the Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. The Court directs immediate entry of this final Judgment by the Clerk of the Court.

* * *

### ORDER

**IT IS SO ORDERED.**

DATED: October 5, 2017

_____
THE HONORABLE RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE